Andre Nesbit
3756 W Avenue 40
Suite K, #223
Los Angeles, CA, 90065-3666
773-848-5295
andrenesbit@yahoo.com

UNITED STATES DISTRICT COURT

OF

SOUTHERN INDIANA

**FILED**
**04/24/2023**
**U.S. DISTRICT COURT**
SOUTHERN DISTRICT OF INDIANA
**Roger A.G. Sharpe, Clerk**

| | |
|---|---|
| ANDRE NESBIT | Case No   1:23-cv-702-JRS-MKK |
| Plaintiff, | |
| vs. | Amount: $500,000,000 |
| IMPD, Speedway | |
| Defendants, | Complaint For: |

1) Abuse of Process
2) Slander
3) Libel
4) Malicious Prosecution
5) Fraudulent Misrepresentation
6) Discrinatory Treatment
7) Injunctive Relief

# Complaint

COMPLAINT

## General Allegations

1. After receiving his twenty dollars from the ATM, the plaintiff was harassed by Speedway employees for looking like a "bum", and was told to leave.
2. Speedway called the police after the plaintiff left the premises.
3. The Indianapolis Police never saw the plaintiff at the property.
4. The Plaintiff had a business reason for being at the property, for he conducted a business transaction with speedway by using its ATM and purchasing gas.
5. The arresting officers were Kristina Friel, Anthony Thomas Holloway,  Kevin Brian Jennings, Lindsey Marshal, and Rene Reynoso Jr..
6. The police arrested the plaintiff when he was not at the property for trespassing.
7. The police confiscated the plaintiff's legal, registered firearm.
8. The police confiscated the plaintiff's 2015 Ford Explorer and had the vehicle towed to a scrapyard, instead of the AutoReturn--located at 2451 South Belmont Avenue.
9. The police refuse to return the firearm to the plaintiff.
10. The plaintiff has never been to the property before and was traveling.
11. The plaintiff served four days in jail when had not committed a crime.
12. The plaintiff's SUV's water pump has been damaged at the scrap yard; it no longer runs.
13. The criminal charges against the plaintiff have been dropped in lieu of a fee per signed and stamped agreement made by the parties, and his case will be dismissed.
14. The property list issued by Marion County Jail cites the $20 dollars from the ATM.

## Jurisdiction

15. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 (a): diversity jurisdiction; the plaintiff lives in California and the Defendants live and/or operate in Indiana.
16. This Court has supplemental jurisdiction over the pendent state law claims under 28 U.S.C. §1367(a).
17. The Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Federal Rules of Civil Procedure 57 and 65 authorize declaratory and injunctive relief in this matter.
18. The Defendants Municipality, IMPD, Marion County, and the City of Indianapolis are sued directly under—1983 for implementing or executing alleged unconstitutional action as a policy statement, or custom. ordinance,regulation. or **decision** officially adopted and promulgated by that body's officers.

## Parties

19. **Speedway**: the retailer whom the plaintiff purchased gas and used its ATM, and falsely alleged the plaintiff treaspassed, which led to the plaintiff's arrest.
20. **IMPD**: the police department that arrested, detained, and imprisoned the plaintiff.

## Venue

21. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, as it is where a substantial part of the events giving rise to the claim alleged in this complaint took place.

## First Claim
### Fraudulent Misrepresentation (Speedway)
(Violation of 18 U.S. Code § 1038)

Plaintiffs re-allege; incorporate by reference paragraphs 1-21 of the Complaint, and allege:

22. The defendant, Speedway, fraudulently misrepresented facts to the IMPD. Speedway told IMPD that the plaintiff was trespassing on the property with no interest on the property and refused to leave.
23. The plaintiff made two purchases, and left the property prior to any police engagement. Additionally, the plaintiff was NOT arrested on Speedway property. He was hunted down and arrested at another nearby business.
24. As a direct and proximate result of the Defedants Fraudulent Misrepresentation, the Plaintiff has sustained the damages as described below (i) Deprivation of Rights (ii) Financial Hardship (iii) Imprisonment (iv) Loss of income (v) starvation (vi) Loss of Vehicle (vii) restitution in the amount of $1,000,000 (viii) Punitive Damages in the amount of $ 1,000,000 (ix) cost incurred for this action. (x) Such other relief as the court considers proper.

### Second Claim (Discriminatory Treatment)(Speedway)
(Violation of 42 U.S.C. §2000a (a))

Plaintiffs re-allege; incorporate by reference paragraphs 1-24 of the Complaint, and allege:

25. That the Plaintiffs were treated differently and less favorably than other similarly situated individuals, for Speedway called the police, pressed charges, and had the plaintiff arrested for making a purchase and using their atm, and pursuant to Violation of 42 U.S.C. §2000a (a) Speedway is a place of public accommodation.

26. As a direct and proximate result of the Defedantś Fraudulent Misrepresentation, the Plaintiff has sustained the damages as described below (i) Deprivation of Rights (ii) Financial Hardship (iii) Imprisonment (iv) Loss of income (v) starvation (vi) Loss of Vehicle (vii) restitution in the amount of $1,000,000 (viii) Punitive Damages in the amount of $ 1,000,000 (ix) cost incurred for this action. (x) Such other relief as the court considers proper.

### Third Claim (Slander)(Speedway)
(Indiana Code Title 34. Civil Law and Procedure § 34-15-1-1)

Plaintiffs re-allege; incorporate by reference paragraphs 1-26 of the Complaint, and allege:

27. The Defendant called the police and falsely claimed that the plaintiff trespassed by making a purchase and using the ATM, which led to his arrest and imprisonment.
28. As a direct and proximate result of the Defedantś Fraudulent Misrepresentation, the Plaintiff has sustained the damages as described below (i) Deprivation of Rights (ii) Financial Hardship (iii) Imprisonment (iv) Loss of income (v) starvation (vi) Loss of Vehicle (vii) restitution in the amount of $1,000,000 (viii) Punitive Damages in the amount of $ 1,000,000 (ix) cost incurred for this action. (x) Such other relief as the court considers proper.

### Fourth Claim (Libel)(Speedway)
(Indiana Code Title 34. Civil Law and Procedure § 34-15-1-1)

Plaintiffs re-allege; incorporate by reference paragraphs 1-28 of the Complaint, and allege:

29. The Defendant submitted and/or affirmed a false police report, made on its behalf, and claimed that the plaintiff trespassed by making a purchase and using the ATM, which led to his arrest and imprisonment.
30. As a direct and proximate result of the Defedantś Fraudulent Misrepresentation, the Plaintiff has sustained the damages as described below (i) Deprivation of Rights (ii) Financial Hardship (iii) Imprisonment (iv) Loss of income (v) starvation (vi) Loss of Vehicle (vii) restitution in the amount of $1,000,000 (viii) Punitive Damages in the amount of $ 1,000,000 (ix) cost incurred for this action. (x) Such other relief as the court considers proper.

### Fifth Claim (Malicious Prosecution) (Speedway)

Plaintiffs re-allege; incorporate by reference paragraphs 1-30 of the Complaint, and allege:

31. The elements of malicious prosecution are: (1) the institution or continuation of a proceeding, (2) with malice, (3) without probable cause, and (4) the termination of the proceeding in favor of the accused. See W. Prosser, The Law of Torts, § 119 at 835 (4th ed. 1971); Restatement (Second) of Torts § 653 at 406.
32. Probable cause exists where "the facts and circumstances within their [the arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that," see Brinegar v. United States, supra, at 338 U. S. 175.
33. The defendant, Speedway, instituted a proceeding with Malice. Proof of Malice is the fact that all allegations were false, and the false information was given intentionally with the intent to deprive the plaintiff of his civil rights.
34. Additionally, there was no probable cause of a trespass. There were no facts that were sufficient in themselves to warrant the plaintiff of reasonable caution. The plaintiff was not even on the property when the police arrived, nor had the plaintiff been to that location prior. Lastly, the case *49D26-2208-CM-022233 has been DISMISSED*.
35. As a direct and proximate result of the Defedantś Fraudulent Misrepresentation, the Plaintiff has sustained the damages as described below (i) Deprivation of Rights (ii) Financial Hardship (iii) Imprisonment (iv) Loss of income (v) starvation (vi) Loss of Vehicle (vii) restitution in the amount of $1,000,000 (viii) Punitive Damages in the amount of $ 1,000,000 (ix) cost incurred for this action. (x) Such other relief as the court considers proper.

### Sixth Claim (Abuse of Process) (Speedway)

Plaintiffs re-allege; incorporate by reference paragraphs 1-35 of the Complaint, and allege:

36. The essential elements of the tort of abuse of process are that: "(1) `process' was used; (2) for an ulterior or illegitimate purpose; (3) resulting in damage." Jones v. Brockton Public Markets, Inc., 340 N.E.2d 484, 485 (Mass.1975).
37. The judicial process/criminal process was used against the plaintiff in an attempt to do nothing more than harass him, cause mental anguish, and financial hardship.
38. The damages are the following: loss of vehicle, wrongful imprisonment, and loss of potential earnings.
39. As a direct and proximate result of the Defedantś Fraudulent Misrepresentation, the Plaintiff has sustained the damages as described below (i) Deprivation of Rights (ii) Financial Hardship (iii) Imprisonment (iv) Loss of income (v) starvation (vi) Loss of Vehicle (vii) restitution in the amount of $1,000,000 (viii) Punitive Damages in the amount of $ 1,000,000 (ix) cost incurred for this action. (x) Such other relief as the court considers proper.

## An Issuance for a Writ of Injunction (IMPD)
(Pursuant to 2nd and 4th Amendment of the U.S. Constitution)

Plaintiffs re-allege; incorporate by reference paragraphs 1-39 of the Complaint, and allege:

40. The Indianapolis' Police Department is withholding the plaintiff's legal handgun at the City-County Building in Indianapolis: Room E100.. **The Plaintiff seeks an issuance for a Writ of Injunction for the The Indianapolis Police Department to return the plaintiff's legal handgun that was unlawfully seized,** for they are refusing to return the plaintiff's legal firearm that was unlawfully seized.
41. This action does not conflict with the plaintiff's soon-to-be dismissed state case. The plaintiff was arrested and charged with trespassing, him having a gun that was purchased legally in California has absolutely nothing to do with the plaintiff getting gas and using the ATM in Indiana: a supposed open-carry state, nor does it have to do with the act of trespassing. Thus, it does not apply to suits that fall under Younger v. Harris, 401 U.S. 37 (1971) and can be heard.
42. As a direct and proximate result of the Defedantś Fraudulent Misrepresentation, the Plaintiff has sustained the damages as described below (i) Deprivation of Rights (ii) Financial Hardship (iii) Imprisonment (iv) Loss of income (v) starvation (vi) Loss of Vehicle (vii) restitution in the amount of $1,000,000 (viii) Punitive Damages in the amount of $ 1,000,000 (ix) cost incurred for this action. (x) Such other relief as the court considers proper.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the court to grant the following relief:
1. For compensatory damages in the amount of $300,000,000 (i) For Loss of income. (ii) Loss of future earnings (iii) Loss of future Employment prospects (iv) Mental Anguish (v) Deprivation of Rights (vi) Financial Hardship (vii) Imprisonment (vii) Loss of income (ix) starvation (x) Loss of Vehicle (xi)Damage to Reputation

2. Restitution in the amount of $100,000,000

3. For an award of punitive damages in an amount of 100 Million U.S. dollars.
4. For award of retained attorney fees, including litigation expenses and cost.
5. For such other and further relief deemed appropriate by the court.

Dated: April 24th, 2023          Respectfully Submitted

*Andre Nesbit*
_____
Attorney Name

COMPLAINT